993 F.2d 913
 301 U.S.App.D.C. 251
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William REBACK, Appellee,
v.
Robert O. TYLER, Trustee in Bankruptcy, Appellant.
 No. 92-7009.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 Rehearing Denied May 28, 1993.
 
 Before: WALD, BUCKLEY and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments of counsel. While the issues presented do not call for an opinion, they have been afforded full consideration by the Court. See D.C.Cir.R. 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court is affirmed. Substantially for the reasons set forth in the opinion of the District Court, Reback v. Parsons, Civil No. 90-0348 (D.D.C. Apr. 15, 1991) [App. 633-57], we find no merit in appellant's claim that summary judgment should not have been entered in favor of the appellee. Before this Court appellant has also raised three new arguments as to why the summary judgment was improper: (1) that there is a disputed issue of material fact regarding whether Reback and Parsons agreed to terminate the retirement benefits provision originally adopted in 1977 [Appellant's Brief at 19; Reply Brief at 6-9], as a result of which Reback's inclusion of such a provision in the agreement of July 15, 1986, which Reback allegedly submitted to Parsons for signature with an explanation that omitted reference to retirement benefits, was a breach of appellee's fiduciary duty; (2) that appellee's conceded failure to disclose a new $100,000 insurance obligation in the 1986 agreement constituted a breach of fiduciary duty that vitiated all of appellee's rights under the 1986 agreement [Reply Brief at 13, 17; oral argument]; and 3) that by 1986 the parties had agreed that their arrangement as to retirement benefits was no longer fair and that therefore presenting the 1986 agreement to Parsons for signature without mention of its continuation was a breach of fiduciary duty [Reply Brief at 17, 18-19; oral argument]. Review of the record and of appellant's filings with the District Court reveals that appellant presented none of the three arguments below. Therefore, because "[i]t is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal," District of Columbia v. Air Florida, 750 F.2d 1077, 1084 (D.C.Cir.1984), and because no exceptional circumstances exist that would warrant departing from that rule, we decline to pass on the merits of those claims.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.